UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL THOMPSON, | No. 2:13-cv-00885 MCE KJN P |
| Petitioner, | |
| v. | |
| RICK HILL, | FINDINGS & RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. On June 26, 2013, respondent filed and served a motion to dismiss the petition. (ECF No. 11.) Pursuant to the court's prior order filed May 15, 2013, petitioner was advised that he was required to file and serve an opposition or statement of non-opposition to a motion to dismiss within thirty days after service of the motion. (ECF No. 4.) Petitioner did not respond to respondent's motion. On August 28, 2013, the court ordered petitioner to show cause, within fourteen days, why his failure to respond to the motion should not be construed as a waiver of opposition; alternatively, petitioner was again given an opportunity to file an opposition. (ECF No. 12.) However, petitioner was also informed that "[f]ailure of petitioner to timely respond to this order will be construed as abandonment of this action, and will result in a recommendation that this action be dismissed without prejudice." (Id. at 2.)

Petitioner has not responded to the court's order, or in any way responded to the pending motion to dismiss.

The Local and Federal Rules of Civil Procedure authorize dismissal of this action. Local Rule 230(l) provides that "[f]ailure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Dismissal of this action is also warranted by application of the "Ferdik factors," based on petitioner's failure to comply with the court's orders. "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Id. at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

Here, as in Ferdik, the first two factors strongly support dismissal. Petitioner has not participated in this action since filing his petition in May 2013, despite the court's orders to do so. The court has devoted scarce judicial resources to this litigation despite plaintiff's apparent intention to abandon it. The third factor, prejudice to respondent, also favors dismissal; continuation of this case, despite petitioner's failure to participate, has required, and would continue to require, that respondent expend time and expense without obtaining a resolution of the merits. The fifth factor, availability of less drastic alternatives, also favors dismissal, because giving petitioner additional notice and time to respond has been futile. Finally, the fourth factor,

the public policy favoring disposition of cases on their merits, always weighs against dismissal. However, the undersigned finds, under the present circumstances, that the remaining Ferdik factors outweigh this public policy.  Accordingly, application of the Ferdik factors supports dismissal of this action.  Fed. R. Civ. P. 41(b); Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 4, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thom0885.nooppo.mtd.fr.kjn